UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND<br>PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA  22314<br><br>and<br><br>TRUSTEES OF THE INTERNATIONAL<br>TRAINING FUND<br>103 Oronoco Street<br>Alexandria, VA  22314<br><br>    Plaintiffs,<br><br>        v.<br><br>HIRSCH & CO. LLC<br>25 N. Ferry Road<br>Shelter Island, NY  11964<br><br>Serve:<br>  Vincent Seddio, Member<br>  Hirsch & Co. LLC<br>  25 N. Ferry Road<br>  Shelter Island, NY  11964<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS;
TO ENJOIN VIOLATIONS OF THE TERMS OF EMPLOYEE BENEFIT
PLANS AND TO COMPEL AUDIT)

PARTIES

1.     Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit

plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 200 and the Defendant. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2. Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union No. 200 and the Defendant. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

3. Defendant Hirsch & Co. LLC is a domestic limited liability company existing under the laws of the State of New York with an office located in Shelter Island, New York. Defendant transacts business in the State of New York as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

4. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and labor

organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreements, and an action to enjoin the violation of the terms of employee benefit plans.

## COMMON FACTS

5. Defendant is signatory to the Collective Bargaining Agreement with United Association Local Union No. 200 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

6. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

7. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

8. Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

## COUNT I
## CONTRIBUTIONS TO THE NATIONAL PENSION FUND

9. Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of July 2017, August 2017, September 2017 and April 2018 through October 2018 on behalf of members in Local 200's jurisdiction.

10. Defendant has failed to make contributions to the National Pension Fund in the amount of $54,731.30 for the months of July 2017, August 2017, September 2017 and April 2018 through October 2018 pursuant to reports submitted by Defendant.

11. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

12. Defendant is bound to the Restated Agreement and Declaration of Trust.

13. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent. The Trustees may assess liquidated damaged against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

14. Pursuant to this provision, Defendant is obligated to the National Pension Fund in the amount of $5,473.13 in liquidated damages for late payments for the months of July 2017, August 2017, September 2017 and April 2018 through October 2018.

WHEREFORE, in Count I Plaintiff National Pension Fund prays for judgment as follows:

A. In the total amount of $54,731.30 for contributions due for work performed for the months of July 2017, August 2017, September 2017 and April 2018 through October 2018, plus interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. In the amount of $5,473.13 for liquidated damages assessed on late payments for the months of July 2017, August 2017, September 2017 and April 2018 through October 2018, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

   C. For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

   D. For such further relief as the Court may deem appropriate.

COUNT II<br>CONTRIBUTIONS TO THE INTERNATIONAL TRAINING FUND

   15. Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 14.

   16. Defendant has failed to make contributions due to the International Training Fund for work performed at Defendant's request for the months of July 2017 and April 2018 through October 2018 on behalf of members in Local 200's jurisdiction.

   17. Defendant has failed to make contributions to the International Training Fund in the amount of $1,948.05 for the months of July 2017 and April 2018 through October 2018 pursuant to reports submitted by Defendant.

   18. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the International Training Fund.

   19. Defendant is bound to the Restated Agreement and Declaration of Trust establishing the International Training Fund.

   20. Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer:  (1) liquidated damages for each

monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum; . . .

21. Pursuant to this provision, Defendant is obligated to the International Training Fund in the amount of $389.61 liquidated damages for late payments for the months of July 2017 and April 2018 through October 2018.

WHEREFORE, Plaintiff International Training Fund prays for judgment as follows:

A. In the total amount of $1,948.05 to the International Training Fund for contributions due for work performed from July 2017 and April 2018 through October 2018, plus interest assessed at the rate of 12% per annum from the date of delinquency until the date of payment as set forth in the Trust Agreement, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. In the amount of $389.61 for liquidated damages assessed on late payments for the months of July 2017 and April 2018 through October 2018 to the International Training Fund, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C. For contributions to the International Training Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D. For such further relief as the Court may deem appropriate.

### COUNT III
### (TO COMPEL AN AUDIT)

22. Plaintiffs hereby adopt, incorporate and restate in Count III paragraphs 1 through 21.

23. An audit of Defendant Hirsch & Co. LLC's records from January 1, 2015 through the date of the audit, will permit the Plaintiffs to determine whether the Defendant is

properly reporting the correct number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees, the correct contribution rates and the correct amounts owed to each of the Plaintiffs.

24. The Defendant has refused requests to cooperate in a payroll audit conducted on behalf of the Plaintiffs by the certified public accounting firm of Salter & Company, LLC.

25. Pursuant to the Defendant's Collective Bargaining Agreement, the Defendant is a party to and bound to the terms and conditions of the Restated Agreements and Declarations of Trust establishing the Plumbers and Pipefitters National Pension Fund and the Restated Trust Agreement establishing the International Training Fund (hereinafter "Trust Agreements").

26. Under the terms of the Collective Bargaining Agreement and Plaintiffs' Trust Agreements, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of Hirsh & Co. LLC's payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

WHEREFORE, the Plaintiffs pray for judgment as follows:

A. For a Court Order requiring the Defendant Hirsch & Co. LLC to submit all payroll books and records to the Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm of Salter & Company LLC, to complete a payroll compliance review, at the Defendant's expense, for the period of January 1, 2015 through the date the audit can be conducted.

B. To enter judgment against the Defendant Hirsch & Co. LLC in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action.

C.      For such further relief as the Court may deem appropriate.

## COUNT IV

27.      This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

28.      Plaintiffs hereby adopt, incorporate and restate in Count IV paragraphs 1 through 26.

29.      Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund, agreed to make timely contributions to the National Pension Fund and the International Training Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 200 in order to maintain the plan of benefits provided through the National Pension Fund and the International Training Fund.

30.      Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund and the International Training Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund and the Restated Trust Agreement of the International Training Fund.

WHEREFORE, in Count IV Plaintiff Funds pray for judgment as follows:

A.      For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B. For such further relief as the Court may deem appropriate.

Respectfully submitted,

By \_\_\_\_\_/s/ John R. Harney_____
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

By: _____/s/ Rebecca W. Richardson\_\_\_\_\_
Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
rrichardson@odonoghuelaw.com

317583_1

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 30th day of November, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

Attention: Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

Attention: Assistant Solicitor for
          Plan Benefits Security

    ____/s/ John R. Harney_____
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.:  (202)362-2640
jharney@odonoghuelaw.com

317583_1