UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HIRSCH & CO. LLC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 1:18-cv-01473 (LMB/TCB) ) ) ) ) ) ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. 17). After a representative for Defendant failed to respond to Plaintiff's Motion or to appear at the hearing on April 12, 2019, the undersigned U.S. Magistrate Judge took the matter under advisement.[1] For the reasons stated below, the undersigned now recommends that Plaintiffs' Motion for Default Judgment be GRANTED.

### I. INTRODUCTION

#### A. Background

On November 30, 2018, the Trustees of the Plumbers & Pipefitters National Pension Fund (the "National Pension Fund") and the Trustees of the International Training Fund (the

---

[1]. The relevant filings before the Court include the Complaint (Dkt. 1) ("Compl."); Declaration of John R. Harney for Entry of Default (Dkt. 15-1) ("Harney Decl."); Plaintiffs' Motion for Default Judgment (Dkt. 17) ("Mot. Default J."); the Memorandum in Support of Motion for Default Judgment (Dkt. 18) ("Mem. Supp."); Affidavit of Toni C. Inscoe on Behalf of the Plumbers and Pipefitters National Pension Fund (Dkt. 21) ("NPF Aff."); the Affidavit of Toni C. Inscoe on Behalf of the International Training Fund (Dkt. 22) ("ITF Aff."); Declaration of Attorney's Fees (Dkt. 18-3) ("Fees Decl."); and all attachments and exhibits submitted with those filings.

"International Training Fund") (collectively "Plaintiffs") filed this lawsuit against Hirsh & Co. LLC ("Defendant"). On January 9, 2019, Plaintiffs filed their First Amended Complaint. The National Pension Fund and the International Training Fund are multi-employer employee benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37), and are administered in Alexandria, Virginia. (Am. Compl. ¶¶ 1-2.) The National Pension Fund is established and maintained by its Restated Agreement and Declaration of Trust (the "NPF Restated Agreement"). (*Id.* ¶ 1.) The International Training Fund is also established and maintained by its Restated Trust Agreement (the "ITF Restated Agreement"). (*Id.* ¶ 2.)

Defendant is a New York domestic liability company based in Shelter Island, New York. (*Id.* ¶ 3.) Defendant has transacted business as a contractor or subcontractor in the plumbing and pipefitting industry. (*Id.*) Defendant has been an employer in an industry affecting commerce as defined by Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and Section 3 of the Multiemployer Pension Plans Amendments Act of 1980, 29 U.S.C. § 1001a. (*Id.*) Defendant is a signatory of a collective bargaining agreement (the "Collective Bargaining Agreement") with United Association Local Union No. 200 ("Local 200"), which established terms and conditions for certain journeymen and apprentice plumbers and pipefitters employed by Defendant. (*Id.* ¶¶ 5-8.) Defendant is also bound to the NPF Restated Agreement and the ITF Restated Agreement. (*Id.* ¶¶ 14-15, 25-26; NPF Aff. ¶ 3; ITF Aff. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185(a), which governs suits among parties to enforce provisions of their collective bargaining agreements. (*Id.* ¶ 4.) Plaintiffs seek contributions,

interest, and late fees owed to the National Pension Fund and the International Training Fund, pursuant to the Collective Bargaining Agreement, the NPF Restated Agreement, and the ITF Restated Agreement (collectively the "Agreements"), to all three of which Defendant is bound, plus costs and attorney's fees as well as an order compelling Defendant to comply with the request for a complete audit of its wage and payroll records for the period of January 1, 2015 through the date of the audit.[2] (Mot. Default J. ¶ 1; Mem. Supp. at 1-2.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. In this case, jurisdiction and venue are proper because the relevant benefit plans, the National Pension Fund and the International Training Fund, are both administered in this District. (Am. Compl. ¶¶ 1-2, 4.)

### C. Service of Process

Federal Rule of Civil Procedure 4(h) provides that an association may be served in a judicial district of the United States by delivering a copy of the complaint and a copy of the summons to any agent of Defendant authorized to receive service of process. Also, process in an ERISA action may be served in any judicial district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). On February 1, 2019, Plaintiffs' process server served Rachel Medina, Manager and Authorized Representative of Vincent Seddio, Member of Defendant Company, with copies of the First Amended Complaint and Summons at 25 N. Ferry Road, Shelter Island, New

---

2. Count IV of Plaintiffs' Complaint seeks to enjoin violations of the terms of the employee benefit plan and require Defendant to submit timely contributions and reports to Plaintiffs. (Am. Compl. ¶¶ 27-30.) However, Count IV was not included in the Motion for Default Judgment and was not briefed for the Court, and therefore it will not be addressed by this Report and Recommendation.

3

York 11984. (Harney Decl. ¶ 2.) Therefore, service was proper in this case.

### D. Grounds for Default Judgment

To date, Defendant has not appeared, answered, or otherwise participated in this case's proceedings. On March 20, 2019, Plaintiff filed its Request for Entry of Default Pursuant to F.R.C.P. 55(a) (Dkt. 15), seeking an entry of default for Defendant. On April 2, 2019, the Clerk of the Court issued the Entry of Default (Dkt. 16) for Defendant. On April 4, 2019, Plaintiff filed its Motion for Default Judgment. Magistrate Judge Anderson held a hearing on Plaintiff's Motion on April 12, 2019, at which no representative for Defendant appeared. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS

Upon a full review of the pleadings and the record in this case, the undersigned U.S. Magistrate Judge makes the following findings.

Defendant is a New York domestic liability company based in Shelter Island, New York. (Am. Compl. ¶ 3.) At all times relevant to this case, Defendant transacted business as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined by the LMRA and ERISA. (*Id.*) Defendant is a signatory to the Collective Bargaining Agreement, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (*Id.* ¶ 5; NPF Aff. ¶ 2; ITF Aff. ¶ 2.) Defendant was also bound by the NPF Restated Agreement and the ITF Restated Agreement. (Am. Compl. ¶¶ 15, 26; NPF Aff. ¶ 3; ITF Aff. ¶ 3.)

Despite being required to do so by the Agreements, Defendant failed to make contributions to the National Pension Fund and the International Training Fund, and Defendant failed to submit

reports of payments owed to the National Pension Fund and the International Training Fund.[3] (Am. Compl. ¶¶ 10-13, 21-24; NPF Aff. ¶¶ 5-8; ITF Aff. ¶¶ 5-8.) In light of Defendant's failures, the Agreements require Defendant to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of defendant, as well as liquidated damages, interest, costs, and attorney's fees. (Am. Compl. ¶¶ 6-7, 13, 16-19, 24, 27-30; NPF Aff. ¶¶ 6-10; ITF Aff. ¶¶ 5-11.) Pursuant to the Agreements, Plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, costs, and attorney's fees. (Mem. Supp. at 1.) Plaintiffs also request an order compelling Defendant to submit to a payroll audit. (*Id.* at 1-2.)

On September 14, 2018, Plaintiffs sent a letter to Defendant requesting an audit for the period of January 1, 2015, through the date of the audit. (NPF Aff. ¶ 12; ITF Aff. ¶ 13.) Defendant refused to comply with that request. (*Id.*) Plaintiffs are entitled to obtain and conduct an audit of Defendant's payroll and related records pursuant to the Agreements. (Am. Compl. ¶ 35.)

### A. Amounts Due to the National Pension Fund

At the time Plaintiffs filed the Amended Complaint, Defendant had failed to pay its required contributions to the National Pension Fund for the months of July 2017 through September 2017 and May 2018 through November 2018 on behalf of members in Local 200's jurisdiction. (Am. Compl. ¶¶ 9-10; NPF Aff. ¶ 5.) However, Defendant later submitted a remittance report and payment for the month of July 2018. (NPF Aff. ¶ 5.) As a result, the National Pension Fund is owed a total of $49,252.71 as calculated by the means described below.

Pursuant to reports submitted by Defendant, the amount of Defendant's contributions owed to the National Pension Fund for the months of July 2017 through September 2017, May 2018, June 2018, and August 2018 through November 2018 is $39,388.46. (NPF Aff. ¶ 6, App.)

---

3. However, it appears Defendant eventually provided the missing remittance report for the month of November 2018. (NPF Aff. ¶ 5; ITF Aff. ¶ 5.) Therefore, Defendant is only in violation for failing to submit required contributions.

5

Under the Agreements, Defendant must also pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions. (Am. Compl. ¶ 18; NPF Aff. ¶ 9.) Pursuant to Article VI, Section 5 of the NPF Restated Agreement, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Am .Compl. ¶ 18; NPF Aff. ¶ 9.) In this case, the amount of liquidated damages is $4,901.44.[4] (Am. Compl. ¶ 18; NPF Aff. ¶ 9, App.)

Additionally, Defendant is obligated under the Agreements to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or April 12, 2019, and continuing at a rate of twelve percent (12%) per annum through the date of payment. (NPF Aff. ¶ 9.) The total amount of this interest is $4,962.81. (*Id.*, App.)

### B. Amounts Due to the International Training Fund

At the time Plaintiffs filed the Amended Complaint, Defendant had failed to pay its required contributions to the International Training Fund for the months of July 2017 and May 2018 through November 2018 on behalf of members in Local 200's jurisdiction. (Am. Compl. ¶ 21.) However, Defendant later submitted a remittance report and payment for the month of July 2018. (ITF Decl. ¶ 5.) As a result, the International Training Fund is owed a total of $1,797.44, as calculated by the means described below.

Pursuant to reports submitted by Defendant, the amount of Defendant's contributions owed to the International Training Fund for the months of July 2017, May 2018, June 2018 and August 2018 through November 2018 is $1,308.10. (ITF Aff. ¶ 6, App.)

Under the Agreements, Defendant must also pay liquidated damages to the International

---

4. Although Defendant did eventually remit contributions for the month of July 2018, that payment was late. (NPF Aff. ¶ 5, App.) Therefore, pursuant to Article VI, Section 5 of the NPF Restated Agreement, Defendant is still liable for liquidated damages on those late payments. (Am. Compl. ¶ 18.)

Training Fund on any unpaid or delinquent contributions. (Am. Compl. ¶ 29; ITF Aff. ¶ 9.) Pursuant to Article VI, Section 6 of the ITF Restated Agreement, liquidated damages are assessed at the rate of twenty percent (20%) of the total amount owed. (*Id.*) In this case, the amount of liquidated damages is $340.92.[5] (ITF Aff. ¶ 10, App.)

Additionally, Defendant is obligated under the Agreements to pay interest to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or April 12, 2019, and continuing at a rate of twelve percent (12%) per annum through the date of payment. (ITF Aff. ¶ 10.) The total amount of this interest is $148.42. (*Id.*, App.)

### C. Compel Audit

Plaintiffs request that the Court enter an order requiring Defendant to submit all payroll books and records to Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm Salter & Company LLC, to complete a payroll compliance review, at Defendant's expense, for the period of January 1, 2015, through the date the audit can be conducted. (Am. Compl. ¶¶ 31-35; NPF Aff. ¶ 13; ITF Aff. ¶ 14; Mem. Supp. at 3.) On September 14, 2018, Plaintiffs sent a letter to Defendant requesting an audit for the period of January 1, 2015, through the date of the audit. (NPF Aff. ¶ 12; ITF Aff. ¶ 13.) Defendant refused to comply with that request. (*Id.*)

The undersigned finds that compelling Defendant to submit to an audit would be appropriate in this instance. The Agreements entitled Plaintiffs to such an audit. (Am. Compl. ¶ 35.) Moreover, this Court has repeatedly granted similar requests. *See, e.g.*, *Board of Trustees v.*

---

5. Although Defendant did eventually remit contributions for the month of July 2018, that payment was late. (ITF Aff. ¶ 5, App.) Therefore, pursuant to Article VI, Section 6 of the ITF Restated Agreement, Defendant is still liable for liquidated damages on those late payments. (Am. Compl. ¶ 29.)

7

*Midatlantic Site Servs, LLC*, Civil Action No. 1:14CV1281, 2015 WL 4634417, at *7-8 (E.D. Va. Aug. 3, 2015); *Sheet Metal Workers' Nat'l Pension Fund v. Commerce Air Conditioning Co.*, Civil Action No. 1:09cv1021, 2010 WL 1484460, at *4 (E.D. Va. Feb. 4, 2010). Therefore, the undersigned recommends that the Court enter an order compelling Defendant to permit a complete audit of its wage and payroll records for the period requested by Plaintiffs.

### D. Attorney's Fees and Costs

Plaintiffs also request $2,152.50 in attorney's fees and $794.29 costs. (Fees Decl. ¶ 11, App. 1.) The attorney's fees are based on 1.75 hours of labor by attorneys John R. Harney, Rebecca Richardson, Jacob Szewczyk, Katelyn Davis at the hourly rates of $270.00, as well as 10.50 hours of labor by paralegal Donna Spell the hourly rate of $160.00. (*Id.* ¶¶ 1-8, 10, App. 1.) The costs are comprised of the filing fee, service of process fees, and computerized research fees. (*Id.* ¶ 9, Apps. 1-2.) In support of this request, Plaintiffs have submitted an itemized chart of the legal services performed. (*Id.*, App. 1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorney's fees and costs in addition to those set out in this Report and Recommendation.

### III. RECOMMENDATION

For the aforementioned reasons, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be GRANTED. Default judgment should be entered against Defendant.

The National Pension Fund should recover from Defendant a total of $49,252.71. This total is comprised of:

- $39,388.46, the sum of unpaid contributions;
- $4,901.44 in liquidated damages; and
- $4,962.81 in accrued interest.

The International Training Fund should recover from Defendant a total of $1,797.44. This total is comprised of:

- $1,308.10, the sum of unpaid contributions;
- $340.92 in liquidated damages; and
- $148.42 in accrued interest.

Furthermore, Plaintiffs should recover from Defendant $2,152.50 in attorney's fees and $794.29 in costs.

Finally, the undersigned recommends that that the Court enter an order requiring Defendant to submit all payroll books and records to Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm Salter & Company LLC, to complete a payroll compliance review, at Defendant's expense, for the period of January 1, 2015, through the date the audit can be conducted.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to Defendant at the following address:

    Hirsch & Co., LLC
    25 N. Ferry Road
    Shelter Island, NY 11964

                                                /s/
                                      Theresa Carroll Buchanan
                                      United States Magistrate Judge

                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

May 2, 2019
Alexandria, Virginia